UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LARRY WHITE,
    Plaintiff,

v.

DAVID MCNEIL MORSE,
    Defendant.

Case No. 15-cv-04488-JD

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Larry White, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### I.   STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

1   the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations
2   omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its
3   face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face"
4   standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they
5   must be supported by factual allegations. When there are well-pleaded factual allegations, a court
6   should assume their veracity and then determine whether they plausibly give rise to an entitlement
7   to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

8   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by
9   the Constitution or laws of the United States was violated, and (2) the alleged deprivation was
10  committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.  LEGAL CLAIMS

Plaintiff alleges that his appellate attorney for his criminal conviction failed to timely send plaintiff the case transcripts. Plaintiff seeks money damages.

Defendants in state court prosecutions cannot generally sue their lawyers under Section 1983 for mistakes in their representation. A public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. *Polk County v. Dodson*, 454 U.S. 312, 318–19 (1981). A private attorney representing a defendant or appellant also is not a state actor. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003).

From the exhibits, it appears that the appellate attorney was a private attorney assigned to represent plaintiff in the criminal appeal. Plaintiff's allegations against him fall within the scope of work that *Polk County* has determined is not actionable under Section 1983. For this reason, the claim may not proceed. Nor can plaintiff present a state cause of action for malpractice under Section 1983. *See Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001) ("To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress.") (internal quotation marks and citation omitted). Plaintiff will be provided an opportunity to amend.

**CONCLUSION**

1. The complaint is **DISMISSED** with leave to amend. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this case.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 17, 2015

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WHITE,<br><br>        Plaintiff,<br><br>    v.<br><br>DAVID MCNEIL MORSE,<br><br>        Defendant. | Case No.  15-cv-04488-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 17, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Larry White
G37720
P.O. Box 5242
Corcoran, CA 93212


Dated: November 17, 2015

                                       Susan Y. Soong
                                       Clerk, United States District Court


                                       By: *Lisa R. Clark*
                                       LISA R. CLARK, Deputy Clerk to the
                                       Honorable JAMES DONATO