UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WHITE,<br><br>         Plaintiff,<br><br>    v.<br><br>DAVID MCNEIL MORSE, et al.,<br><br>         Defendants. | Case No. 15-cv-04488-JD<br><br>**ORDER OF DISMISSAL** |

Larry White, a state prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint and a second amended complaint.

## DISCUSSION

### I.   STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

1  cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above
2  the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations
3  omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its
4  face." *Id.* at 570.  The United States Supreme Court has explained the "plausible on its face"
5  standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they
6  must be supported by factual allegations.  When there are well-pleaded factual allegations, a court
7  should assume their veracity and then determine whether they plausibly give rise to an entitlement
8  to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

9      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by
10 the Constitution or laws of the United States was violated, and (2) the alleged deprivation was
11 committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. LEGAL CLAIMS

13     In the original complaint, plaintiff alleged that his appellate attorney for his criminal
14 conviction failed to timely send plaintiff the case transcripts.  Plaintiff sought money damages.
15 Plaintiff was informed that defendants in state court prosecutions cannot generally sue their
16 lawyers under Section 1983 for mistakes in their representation.  A public defender does not act
17 under color of state law, an essential element of an action under 42 U.S.C. § 1983, when
18 performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at
19 trial, cross-examining witnesses, and making closing arguments.  *Polk County v. Dodson*, 454
20 U.S. 312, 318–19 (1981).  A private attorney representing a defendant or appellant also is not a
21 state actor.  *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir.
22 2003).  The complaint was dismissed with leave to amend for plaintiff to address these
23 deficiencies.

24     In the amended and second amended complaint plaintiff alleges that the presiding judge in
25 his criminal trial had not filed an official oath of office within the time required.  He argues that
26 the arrest warrant issued by the judge was therefore invalid.  He again seeks monetary damages.
27 Plaintiff was convicted of multiple rapes after trial in 2008.  In order to recover damages for an
28 allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose

2

unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id*. at 487. Plaintiff is not entitled to relief because this fails to state a claim. Plaintiff previously brought a variation of this claim in a prior claim that was dismissed. *See White v. City and County of San Francisco*, Case No. 15-cv-3265-JD. Because it would be futile to allow further amendments this case is dismissed with prejudice.

## CONCLUSION

1. This action is **DISMISSED** with prejudice for the reasons state above.

2. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 7, 2016

_____
JAMES DONATO
United States District Judge

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LARRY WHITE,

        Plaintiff,

   v.

DAVID MCNEIL MORSE, et al.,

        Defendants.

Case No.  15-cv-04488-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 7, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Larry White
G37720
P.O. Box 5242
Corcoran, CA 93212

Dated: January 7, 2016

Susan Y. Soong
Clerk, United States District Court

By: *Lisa R. Clark*
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO